METHEANY *v.* KENT CIRCUIT JUDGE.

1. CONTEMPT—PROCEEDINGS—INTERROGATORIES.

Contempt proceedings in which interrogatories are not filed as required by section 10909, 3 Comp. Laws, are fatally defective.

2. SAME—JURISDICTION—STATUTES—RULES.

Sections 198–203, 1 Comp. Laws, and Circuit Court Rules Nos. 50–57 did not abrogate the general jurisdiction to punish for contempt given to courts of chancery by section 10891, 3 Comp. Laws.

3. SAME—WAIVER OF RIGHT TO INTERROGATORIES.

A defendant in chancery, proceeded against for a contempt for failing to obey an order requiring the production of books and papers, does not, by insisting that sections 198–203, 1 Comp. Laws, and Circuit Court Rules Nos. 50–57, control the proceedings, waive his right to have them subsequently conducted under section 10909, 3 Comp. Laws, requiring the filing of interrogatories to defendant, etc.

4. SAME.

A defendant who had failed to comply with an order to produce the books of a corporation of which he was president, on an order to show cause in contempt proceedings, filed an affidavit stating that since the making of the order he had not had possession or control of any of the books, that he had endeavored to comply with the order, but had been unable to do so, and that he was informed that whatever books were in existence were in the hands of a specified person. *Held*, that the affidavit was too indefinite and evasive to require consideration by the court.

Mandamus by Richard R. Metheany to compel Willis B. Perkins, circuit judge of Kent county, to set aside an order requiring relator to show cause why he should not be punished for contempt. Submitted December 4, 1905. (Calendar No. 21,381.) Writ granted January 23, 1906.

In February, 1904, the Union City Lumber Company secured a judgment against the Traverse City, Leelanau

& Manistique Railroad Company upon cognovit. Execution was issued and returned nulla bona. The lumber company then filed a bill in chancery in April, 1904, against the railroad company and its stockholders to compel them to pay for the stock subscribed for or owned by them, alleging that the stockholders had not paid the par value of their stock. Service was had upon the defendants, including the relator, except one Daniel W. Kaufman. The bill was dismissed as to him and issue duly joined as to the others. October 31, 1904, the lumber company filed a petition asking for the production of certain books and papers. The petition was in due form, and its allegations sufficient to justify the production of the books. Due notice thereof was served upon the railroad company and relator, its president. No answer appears to have been made to that petition. It was finally brought on for hearing on January 16, 1905, and an order made requiring the relator and the railroad company to produce the books. Relator was duly served with a copy thereof. No attempt was made to vacate that order. About six months thereafter an order was duly made and served upon the relator to show cause why he should not be punished for contempt for refusing and neglecting to obey the order of the court. This petition was met with an affidavit, made by relator, saying:

"That since the making of the order in the above entitled cause on January 17, 1905, this deponent has not had possession of any of the books, papers, or vouchers mentioned in said order, and the same has not been under his control; that since said order was made the deponent has made every effort to comply with said order, but has been unable to do so; that this deponent never had charge, possession, or control of said books, papers, or vouchers, etc., but is informed that whatever of such books, papers, or vouchers are in existence are in the hands of and under the control of Mr. D. W. Kaufman of the city of Chicago, Ill., and were in his possession at the above place and before and ever since the making of said order, and beyond the possession and control of this deponent; and that deponent is in no way able to produce said books, papers, or

vouchers as directed, and is in no way responsible for their nonproduction."

Upon the hearing the court stated that he regarded the affidavit as insufficient, and would allow relator a week longer in which to deposit the books. This the relator refused to do, and upon the final hearing denied the jurisdiction of the court to find him guilty of contempt, except under proceedings taken in accordance with Circuit Court Rules 50–57 (124 Mich. xxxviii), inclusive, and sections 198–203, 1 Comp. Laws. The court held that the general jurisdiction given to courts of chancery to punish for contempt in section 10891, 3 Comp. Laws, is not abrogated by the rules and statutes above cited, and still exists. The case is before us for review upon petition for the writ of mandamus.

*McKnight & McAllister*, for relator.

*Thomas Parks Bradfield*, for respondent.

GRANT, J. (*after stating the facts*). The contempt proceedings are entirely regular until the order holding the relator guilty of contempt. The statute (3 Comp. Laws, § 10909) requires interrogatories to be filed where the defendant has been brought into, and has appeared before, the court, which interrogatories must specify the facts and circumstances alleged against the defendant, and require his answer thereto. It is a fatal error not to comply with this statute. *Latimer* v. *Barmore*, 81 Mich. 592, 605. Unless, therefore, the filing of interrogatories was waived, the learned circuit judge was in error.

We think the court was right in holding that the rules and sections 198–203, 1 Comp. Laws, do not abrogate the usual proceedings for contempt in courts of chancery. But section 10909 does apply to these proceedings in chancery. We do not think the record shows that relator waived them. By insisting that the rules and sections 198–203 control the proceedings, relator did not waive his

right to have the proceedings afterwards conducted under section 10909, if the court should rule against him.

We think the circuit judge was correct in holding that the affidavit of the relator, made when ordered to show cause why he should not be punished for contempt, was too indefinite and evasive, and justified him in disregarding it, and required further proceedings by the use of interrogatories.

The writ will issue setting aside the order, and allowing further proceedings in accordance with the statute, should the lumber company desire it.

McAlvay, Blair, Hooker, and Moore, JJ., concurred.